**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51431**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 12, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CESAR ARELLANO-SANCHEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Judgment of conviction and concurrent, unified sentences of twenty years, with a minimum period of confinement of seven years, for three counts of sex abuse of a minor and five counts of lewd conduct, affirmed; and case remanded to ensure correction of PSI.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Cesar Arellano-Sanchez was found guilty of three counts of sex abuse of a minor, Idaho Code § 18-1506, and five counts of lewd conduct, I.C. § 18-1508. At the sentencing hearing, Arellano-Sanchez informed the district court that a refence in the presentence investigation report (PSI) regarding being deported in 2000 was incorrect as he was not deported but voluntarily returned to his home country. The district court indicated that it had noted the correction; however, there is no notation or addendum reflecting the change in the record. The district court imposed concurrent, unified twenty-year sentences with seven years determinate on all counts. Arellano-

1

Sanchez appeals, contending that the district court abused its discretion in failing to redline the error in his PSI and by imposing an excessive sentence.

Sanchez requests that this Court remand this case to the district court to ensure that the correction to the PSI is reflected in the PSI and that a corrected copy of the PSI is distributed to the Idaho Department of Correction (IDOC). The State agrees to a limited remand to the district court. Consequently, we remand to the district court for the limited purpose of ensuring that the statement in the PSI regarding Arellano-Sanchez being deported is redlined, a copy of the redlined PSI is made part of the district court's record, and the redlined PSI report is transmitted to IDOC in accordance with Idaho Criminal Rule 32. *See State v. Greer*, 167 Idaho 555, 561, 524 P.3d 386, 393 (2022).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The parties agree that a remand for the limited purpose of ensuring the correction noted above is reflected in the PSI and distributed to IDOC is appropriate. Arellano-Sanchez's judgment of conviction and sentence are affirmed.

2